In Re the CUSTODY OF Keith JOHNSON, Kevin Johnson and Connie Johnson, Minor Children,

Upon the Petition of Doyle Johnson, Petitioner-Appellant,

and Concerning, Bonnie Jean Johnson, Respondent-Appellee.

No. 81CA0099.

Colorado Court of Appeals, Div. II.

Sept. 17, 1981.

Fischer & Wilmarth, Stephen E. Howard, Fort Collins, for petitioner-appellant.

James H. Hiatt, Fort Collins, for respondent-appellee.

VAN CISE, Judge.

In this interstate custody matter, Doyle K. Johnson, the father, appeals an order in which the Colorado court declined to exercise custody jurisdiction and, instead, entered an order modeled after the holding in *Roberts v. District Court*, 198 Colo. 79, 596 P.2d 65 (1979). We affirm.

The Johnsons were divorced in South Dakota in March 1979, at which time they agreed, and the court decreed, that the mother, Bonnie Jean Johnson, would have the custody of their minor children. The father had moved to Fort Collins, Colorado, in 1978, following their separation but prior to the divorce decree being finalized.

In April 1980, the mother and the three children left South Dakota and moved to Texas. Two of the children attended school there for the final six to eight weeks of the school year. They then left Texas for a two month summer visit with their father in Colorado, as previously agreed. The third child was in Texas for only one week, returned to South Dakota until the end of the school year, and then went directly to Colorado. Despite several attempts by the mother to have the children returned to her, all three have remained in Colorado since June of 1980 except for one period of a few weeks when the youngest was in Texas but returned to Colorado of her own volition. Upon commencement of the 1980–81 school year, without the mother's consent, the children were enrolled in school in Fort Collins.

The father attempted to obtain a change of custody order from the South Dakota court, but that court refused to exercise any further custody jurisdiction. Then, on December 17, 1980, he commenced the present action for custody under § 14–10–123, C.R.S. 1973. At a hearing that day on the father's motion for preliminary injunction to prevent the mother from removing the children, the court invoked the provisions of the Uniform Child Custody Jurisdiction Act, § 14–13–101 et seq., C.R.S. 1973 (the Act). Based on that Act, the court declined to exercise jurisdiction over the custody action unless the Texas court, which it held could have jurisdiction under § 14–13–109(2), C.R.S. 1973, would defer to it for custody decisions. It then gave the father 20 days in which to file a custody action in Texas and provided that, if he did not do so, the mother could proceed with a separate action in Colorado for habeas corpus or similar proceeding for the return of the children.

The father contends that the court erred in declining jurisdiction. We do not agree.

Since the South Dakota court that entered the initial decree has declined to exercise further jurisdiction, either a Colorado or a Texas court may take over. Neither qualifies as a "home state" unless the period of wrongful retention in Colorado is included as time in Texas. *See* § 14–13–104(1)(a), C.R.S. 1973. There has been no clear case presented that it is in the best interests of the children that a court of either state assume jurisdiction. *See* § 14–13–104(1)(b) and (d), C.R.S. 1973. And, there is no apparent emergency. *See* § 14–13–104(1)(c), C.R.S. 1973.

Under these circumstances, as stated in § 14–13–109(2), C.R.S. 1973, "the court shall not exercise its jurisdiction to modify a custody decree of another state [where] the petitioner, without consent of the person entitled to custody, ... has improperly retained the child after a visit or other temporary relinquishment of physical custody."

In view of the conclusion reached, it is unnecessary to consider the other assignments of error.

Order affirmed.

ENOCH, C. J., and KELLY, J., concur.